# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-2097V**

DELAINA LINDSEY,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: December 17, 2025

*Joseph P. Shannon, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On December 19, 2024, Delaina Lindsey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered to her on December 18, 2023. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 27, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF No. 21. On December 17, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $120,000.00 in pain and suffering and $11,838.27 in past unreimbursable expenses. Proffer at 2, ECF No. 28. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $131,838.27 for pain and suffering and past unreimbursable expenses to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

DELAINA LINDSEY,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 24-2097V
Chief Special Master Corcoran
ECF

**PROFFER ON AWARD OF COMPENSATION**[1]

On December 19, 2024, Delaina Lindsey ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Act"). Petitioner alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following receipt of a tetanus vaccine administered on December 18, 2023. *See* Petition, ECF No. 1 at 1, 10. On October 24, 2025, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) report, concluding that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. *See* ECF No. 19. On October 27, 2025, Chief Special Master Corcoran issued a ruling on entitlement, finding petitioner entitled to compensation for a SIRVA Table injury. *See* ECF No. 21.

**I. Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$120,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$11,838.27.** *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment, as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A lump sum payment of **$131,838.27** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Delaina Lindsey.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

[2] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/ *Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4014
Email: jamica.m.littles@usdoj.gov

Dated: December 17, 2025